UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

OSVALDO RODRIGUEZ,                       §
individually and on behalf of all others §
similarly situated                       §        CIVIL ACTION NO. 4:26-cv-00012
                                         §
VERSUS                                   §
                                         §
CROSBY FLYING SERVICES, LLC              §

## DEFENDANT'S ORIGINAL ANSWER

Defendant CROSBY FLYING SERVICES, LLC ("Defendant") files this Original Answer to Plaintiff's Collective Action Complaint filed by OSVALDO RODRIGUEZ, individually and on behalf of all others similarly situated ("Plaintiff's Complaint") and in support thereof would show the Court as follows:

## I.
## ANSWER

1.    Defendant admits the statements and allegations in Paragraph No. 1 of Plaintiff's Complaint.

2.    Defendant admits the statements and allegations in Paragraph No. 2 of Plaintiff's Complaint.

3.    Defendant admits the statements and allegations in Paragraph No. 3 of Plaintiff's Complaint.

4.    Defendant is unable to admit or deny whether Plaintiff, Osvaldo Rodriguez, is a major individual, domiciled in Pecos, Texas. Defendant denies the remaining statements and allegations in Paragraph No. 4 of Plaintiff's Complaint.  Plaintiff was an

1

independent contractor of Defendant from approximately March 9, 2020, to October 31, 2022, and became an employee of Defendant on November 1, 2022, until his termination on January 29, 2025.

5.      It is not necessary for Defendant to admit or deny the statements and allegations in Paragraph No. 5 of Plaintiff's Complaint.

6.      Defendant admits the statements and allegations in Paragraph No. 6 of Plaintiff's Complaint with respect to being a domestic limited liability company and the registered agent, but denies with respect to the addresses. Defendant is domiciled at 3110 Manahan Street, Pecos, Texas 79772 and can be served at 3524 Lincoln Ave., Fort Worth, Texas 76106.

7.      Defendant admits the statements and allegations in Paragraph No. 7 of Plaintiff's Complaint.

8.      Defendant admits the statements and allegations in Paragraph No. 8 of Plaintiff's Complaint.

9.      Defendant admits the statements and allegations in Paragraph No. 9 of Plaintiff's Complaint.

10.     Defendant admits the statements and allegations in Paragraph No. 10 of Plaintiff's Complaint.

11.     Defendant is unable to admit or deny the statements or allegations in relation to "Collective Members" in that the Collective Members are not specifically identified. Defendant admits the remaining statements and allegations in Paragraph No. 11 of Plaintiff's Complaint.

2

12.     Defendant is unable to admit or deny the statements or allegations in relation to "Collective Members" in that the Collective Members are not specifically identified. Defendant admits the remaining statements and allegations in Paragraph No. 12 of Plaintiff's Complaint.

13.     Defendant admits the statements and allegations in Paragraph No. 13 of Plaintiff's Complaint.

14.     Defendant denies Crosby employs workers who are paid on a day rate basis. Defendant admits the remaining statements and allegations in Paragraph No. 14 of Plaintiff's Complaint.

15.     Defendant denies the statements and allegations in Paragraph No. 15 of Plaintiff's Complaint.

16.     Defendant denies the statements and allegations in Paragraph No. 16 of Plaintiff's Complaint.

17.     Defendant denies the statements and allegations in Paragraph No. 17 of Plaintiff's Complaint.

18.     Defendant denies the statements and allegations in Paragraph No. 18 of Plaintiff's Complaint.

19.     Defendant denies the statements and allegations in Paragraph No. 19 of Plaintiff's Complaint.

20.     The FLSA speaks for itself, and, as such, Defendant is unable to admit or deny the statements and allegations in Paragraph No. 20 of Plaintiff's Complaint.

21.     Defendant denies the statements and allegations in Paragraph No. 21 of Plaintiff's Complaint.

22.     Defendant denies the statements and allegations in Paragraph No. 22 of Plaintiff's Complaint.

23.     Defendant admits the statements and allegations in Paragraph No. 23 of Plaintiff's Complaint.

24.     Defendant is unable to admit or deny the statements or allegations in relation to "Collective Members" as the Collective Members are not specifically identified, but admits the statements and allegations in Paragraph No. 24 of Plaintiff's Complaint with respect to Plaintiff.

25.     Defendant denies the statements and allegations in Paragraph No. 25 of Plaintiff's Complaint.

26.     Defendant is unable to admit or deny the statements or allegations in relation to "Collective Members" in that the Collective Members are not specifically identified.

27.     Defendant admits the statements and allegations in Paragraph No. 27 of Plaintiff's Complaint.

28.     Defendant is unable to admit or deny the statements or allegations in relation to "Collective Members" in that the Collective Members are not specifically identified. Defendant admits that it paid Plaintiff overtime. Defendant denies the remaining statements and allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the statements and allegations in Paragraph No. 29 of Plaintiff's Complaint.

30.    Defendant denies the statements and allegations in Paragraph No. 30 of Plaintiff's Complaint.

31.    Defendant denies the statements and allegations in Paragraph No. 31 of Plaintiff's Complaint.

32.    Defendant denies the statements and allegations in Paragraph No. 32 of Plaintiff's Complaint.

33.    Defendant denies the statements and allegations in Paragraph No. 33 of Plaintiff's Complaint.

34.    Defendant denies the statements and allegations in Paragraph No. 34 of Plaintiff's Complaint.

35.    Defendant denies the statements and allegations in Paragraph No. 35 of Plaintiff's Complaint.

36.    Defendant denies the statements and allegations in Paragraph No. 36 of Plaintiff's Complaint.

37.    Defendant is unable to admit or deny the statements or allegations in relation to "Collective Members" in that the Collective Members are not specifically identified. Defendant denies the statements and allegations in Paragraph No. 37 of Plaintiff's Complaint.

38.    Defendant denies the statements and allegations in Paragraph No. 38 of Plaintiff's Complaint.

39.    Defendant denies the statements and allegations in Paragraph No. 39 of Plaintiff's Complaint.

40. Defendant denies the statements and allegations in Paragraph No. 40 of Plaintiff's Complaint.

41. Defendant denies the statements and allegations in Paragraph No. 41 of Plaintiff's Complaint.

42. It is not necessary for Defendant to admit or deny the statements and allegations in Paragraph No. 42 of Plaintiff's Complaint.

43. Defendant admits the statements and allegations in Paragraph No. 43 of Plaintiff's Complaint.

44. Defendant is unable to admit or deny the statements or allegations in relation to "Collective Members" in that the Collective Members are not specifically identified. Defendant admits that it employed Plaintiff.

45. Defendant denies the statements and allegations in Paragraph No. 45 of Plaintiff's Complaint.

46. Defendant denies the statements and allegations in Paragraph No. 46 of Plaintiff's Complaint.

47. Defendant denies the statements and allegations in Paragraph No. 47 of Plaintiff's Complaint.

48. Defendant denies the statements and allegations in Paragraph No. 48 of Plaintiff's Complaint.

49. Defendant denies the statements and allegations in Paragraph No. 49 of Plaintiff's Complaint.

50.    It is not necessary for Defendant to admit or deny the allegations in Paragraph No. 50 of Plaintiff's Complaint.

51.    Defendant denies the statements and allegations in the Prayer of Plaintiff's Complaint, including the following:

(a)    Defendant denies the statements and allegations in a.
(b)    Defendant denies the statements and allegations in b.
(c)    Defendant denies the statements and allegations in c.
(d)    Defendant denies the statements and allegations in d.
(e)    Defendant denies the statements and allegations in e.

52.    Any and all statements or allegations not explicitly admitted herein are denied.

## II.
## AFFIRMATIVE DEFENSES

1.    The claims set forth in Plaintiff's Complaint are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2.    Defendant pleads that the collective members are not similarly situated and there is not sufficient identifiable acts or legal nexus to justify the certification of a collective action in this cause. Alternatively, if the collective members are similarly situated, notice should be limited.

3.    Plaintiff has been paid any compensation that he was due from Defendant.

4.    Defendant plead all applicable limitations periods, both as bars to the claims and requests for relief asserted in Plaintiff's Complaint and as limitations upon the evidence to be admitted or considered in connection with any proceedings in this case.

5.    Defendant denies liability to Plaintiff. Alternatively, any alleged violations by Defendants of the FLSA were not willful because any acts or omissions giving rise to this action were reasonable and not undertaken with reckless disregard as to whether such actions or omissions violated the FLSA.

6.    Defendant denies liability to Plaintiff. Alternatively, pursuant to 29 U.S.C. §259 and other applicable law, Defendant is not liable under the FLSA because any acts or omissions giving rise to this action were undertaken in good faith. Additionally, pursuant to 29 U.S.C. §260 and other applicable law, Defendant cannot be liable for liquidated damages because any acts or omissions giving rise to this action were undertaken in good faith and with reasonable grounds for believing that their actions were in compliance with the FLSA.

7.    The claims set forth in Plaintiff's Complaint are barred, in whole or in part, by the doctrine of payment because Defendant properly compensated Plaintiff for all hours worked in accordance with the FLSA as well as any other applicable law.

8.    Defendant asserts the defense that Plaintiff lacks standing to bring this legal action on behalf of others or that Plaintiff has standing to sue in a representative capacity, in a collective action under the FLSA. Moreover, Plaintiff has failed to articulate or to establish the existence of similarly situated individuals or similarly situated claims necessary for action under 29 U.S.C. §216(b). Additionally, Plaintiff has failed to establish consent of others that are not parties to this lawsuit for the Plaintiff to proceed on their behalf or for their interests or to otherwise satisfy the requirements of 29 U.S.C. §216(b).

8

Defendant asserts the foregoing as collective defenses or, alternatively, as independent defenses to the Plaintiff's claims and lawsuit.

9.      Defendant asserts the defense of vagueness or ambiguity of the Plaintiff's Complaint on the grounds that it fails to describe, with specificity and particularity, sufficient facts to establish each Plaintiff's right and capacity to proceed with a collective action or in a representative capacity on behalf of any other person. Moreover, Plaintiff has failed to allege, with particularity or specificity, sufficient facts to establish that other similarly situated employees exist, as well as Plaintiff's right or capacity to proceed with a collective action under the FLSA.

10.     To the extent that any exemption under the FLSA applies, Defendant asserts any and all such exemptions.

11.     The claims of Plaintiff are barred, in whole or in part, to the extent that he is not an employee of Defendant as such term is defined under the FLSA.

12.     The claims of Plaintiff are barred, in whole or in part, to the extent that Defendant was not, directly, or indirectly, his employer under the FLSA.

13.     Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Complaint and demands strict proof thereof.

## **PRAYER**

WHEREFORE, premises considered, Defendant Crosby Flying Services, LLC request the following relief:

a.      That the Court deny Plaintiff's claims;

b.      That Plaintiff take nothing by his suit against Crosby Flying Services, LLC;

c.      That the Court award Crosby Flying Services, LLC its attorneys' fees incurred; and

d.      That the Court award Crosby Flying Services, LLC any other and further relief, at law or in equity, general or specific, to which it may be justly entitled.

Respectfully submitted,

LYNCH, CHAPPELL & ALSUP
A Professional Corporation
The Summit, Suite 700
300 North Marienfeld
Midland, Texas 79701
Telephone: 432/683-3351
Fax:  432/683-2587

By: _*Lisa K. Hooper*_____

Lisa K. Hooper
State Bar No. 24047282
lhooper@lcalawfirm.com

ATTORNEYS FOR CROSBY FLYING
SERVICES, LLC

## CERTIFICATE OF SERVICE

I served a true and correct copy of this document in accordance with Federal and Local Rules of Civil Procedure on March 27, 2026.

_*Lisa K. Hooper*_____
Lisa Hooper